**NOT FOR PUBLICATION**

MAR 05 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TED ERUM, JR.,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF KAUAI; et al.,<br><br>             Defendants - Appellees. | Nos. 08-16027<br>       08-16634<br>       08-16666<br><br>D.C. No. 1:08-CV-00113-SOM-BMK<br><br>MEMORANDUM [*] |

Appeals from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Ted Erum, Jr., appeals pro se from the order dismissing his action seeking to

prevent defendants from cutting monkeypod trees on land intended for commercial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EN/Research

development.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's dismissal for lack of subject matter jurisdiction.  *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1015 (9th Cir. 2007).  We affirm.

The district court properly dismissed Erum's action because evidence in the record, including Erum's statements and past behavior, demonstrated that his attempt to amend his complaint to state constitutional violations was solely for the purpose of obtaining federal question subject matter jurisdiction after failing to obtain diversity jurisdiction and his constitutional claim was frivolous and not colorable.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006).

The district court properly dismissed Erum's action without leave to amend because amendment of the complaint would be futile.  *See Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1136 (9th Cir. 2002); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) ("Section 1653 speaks of amending '*allegations* of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.") (alteration in original).

The district court did not abuse its discretion when it granted only in part defendants' motion for sanctions.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 44

(1991); *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

**AFFIRMED**.